| Order Form (01/2005) | | | | |
|---|---|---|---|---|
| **United States District Court, Northern District of Illinois** | | | | |
| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | | |
| **CASE NUMBER** | 09 C 5665 | **DATE** | November 28, 2011 | |
| **CASE TITLE** | Tomasian v. CD Peacock et al | | | |

**DOCKET ENTRY TEXT:**

The Court DENIES Tomasian's motion to stay and reverse the Magistrate' Judge's Order (doc. #118). Status hearing set for January 17, 2012 at 9:30 a.m.

■[ For further details see below.]   Docketing to mail notice.

## STATEMENT

Pursuant to 28 U.S.C. § 636(b)(1), Helene Tomasian appeals the Magistrate Judge's order denying her request to quash subpoenas issued by the Defendant. Tomasian alleges that the Defendants discriminated against her. In an effort to mitigate her damages, Tomasian has brokered jewelry transactions for friends and family. Defendants sought to issue subpoena to Tomasian's customers seeking written documentation of the purchase of jewelry from Tomasian and to her supplies seeking written documentation of Tomasian's purchase of jewelry from them. From these documents, the Defendants would calculate the income Tomasian generated from her jewelry transactions.

Tomasian argued before the Magistrate that the subpoenas were harassing and overbroad. Tomasian argued that she was in the process of obtaining bank records which would reveal the same information. The Magistrate, however, denied Tomasian's motion to quash. The Magistrate first noted that the discovery sought by the Defendants was not merely a fishing expedition. Rather, the Magistrate observed that Tomasian herself had identified the customers and her business plan and that the discovery was targeted to uncovering how much money Tomasian earned under that plan. The Magistrate then weighed the relevance of and necessity for that discovery against its intrusiveness. The Magistrate first observed that the discovery sought only written documentation and concluded that therefore it was on the less intrusive side. The Magistrate then noted that Tomasian's responses to discovery had repeatedly been tardy and incomplete. The Magistrate further noted that Tomasian had previously informed the court that she doesn't have receipts or keep information that would document her transactions. Thus, given both Tomasian's reluctance to timely produce discovery and the incomplete state of her records, the Magistrate concluded that the discovery was necessary and not overly burdensome.

# STATEMENT

A district court may set aside any portion of a magistrate judge's order that is clearly erroneous or contrary to law. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009); Fed. R. Civ. P. 72(a); 28 U.S.C. 636(b)(1). That means a court should not set aside a magistrate judge's order simply because the court would have reached a different conclusion. *Schur*, 577 F.3d at 760. Courts have discretion to limit Discovery that is cumulative or unduly burdensome, even if it is likely to lead to relevant information. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676 (7th Cir. 2002); *Sizemore v. Miller*, 21 F.3d 431 (7th Cir. 1994); Fed. R. Civ. P. 26(b)(1). Before restricting discovery, courts should examine the totality of the circumstances weighing the value of the material sought against the burden in providing it and keeping in mind society's interest in truth-seeking. *Patterson*, 281 F.3d at 681.

The Magistrate's order applies precisely those standards. The Magistrate carefully examines the likelihood that the requests will lead to discoverable material. He then explains that such material may not be duplicative because of Tomasian's unwillingness or inability to produce records herself. Finally, he assesses whether the requests are unduly burdensome. The Court cannot say that the Magistrate's reasoning ever is clearly erroneous or contrary to the law and therefore DENIES Tomasian's motion to stay and reverse the Magistrate' Judge's Order.

*Wm. J. Hibbler*